** PART II **
POWER OF THE COMMISSIONERS OF THE LAND OFFICE TO EXPEND PROCEEDS FROM LEASING SCHOOL LAND TRUST PROPERTY TO IMPROVE AND DEVELOP TRUST PROPERTY
SHORTLY AFTER STATEHOOD, A CONTROVERSY DEVELOPED REGARDING WHETHER THE STATE, IN MANAGING THE TRUST LANDS AND MONEYS GRANTED TO IT IN THE ENABLING ACT, COULD EXPEND PROCEEDS FROM THE SALE, OR LEASING OF TRUST LAND TO DEFRAY THE EXPENSES INCURRED IN MANAGING THE TRUST PROPERTY. IN BETTS V. COMMISSIONERS OF THE LAND OFFICE, 110 P. 766 (OKLA. 1910), THE OKLAHOMA SUPREME COURT SETTLED HE CONTROVERSY. IN DECIDING WHETHER THE COMMISSIONERS OF THE LAND OFFICE COULD USE THE PROCEEDS FROM THE SALE OR LEASE OF TRUST LANDS TO DEFRAY THE EXPENSES OF LEASING AND SELLING TRUST LANDS, THE COURT FOUND THAT THE CONSTITUTION AND THE ENABLING ACT PLACED DIFFERENT RESTRICTIONS ON DIFFERENT TRUST LAND, AND HAD TREATED SALE PROCEEDS AND LEASE PROCEEDS DIFFERENTLY. NOTING THIS VARIANCE IN TREATMENT, THE COURT HELD THAT THE PROCEEDS FROM THE SALE OF LANDS GRANTED TO THE STATE FOR THE STATE UNIVERSITY, THE UNIVERSITY PREPARATORY SCHOOL, NORMAL SCHOOLS, THE AGRICULTURAL AND MECHANICAL COLLEGE, AND THE COLORED AGRICULTURAL AND NORMAL UNIVERSITY, COULD NOT BE USED TO PAY THE EXPENSES OF SELLING SUCH LAND. ON THE OTHER HAND, THE COURT FOUND THAT THE PROCEEDS OF THE SALE OF LANDS GRANTED TO THE STATE FOR PENIAL OR CHARITABLE INSTITUTIONS AND PUBLIC BUILDINGS COULD BE USED TO PAY THE EXPENSES OF SALE.
SIMILARLY, THE COURT FOUND THAT UNDER THE PROVISIONS OF SECTION 3 OF ARTICLE XI, SECTION 3 OF THE OKLAHOMA CONSTITUTION AND RELATED ENABLING ACT PROVISIONS, THE COMMISSIONERS OF THE LAND OFFICE WERE PERMITTED TO USE A PORTION OF THE RENTALS DERIVED FROM THE LANDS GRANTED TO THE STATE FOR COMMON SCHOOLS TO DEFRAY THE EXPENSES OF LEASING SUCH LAND. SO HOLDING, THE COURT SPECIFICALLY NOTED THAT ARTICLE XI, SECTION 3 OF THE OKLAHOMA CONSTITUTION REQUIRES THAT "NET INCOME" FROM THE LEASING OF SUCH LANDS WAS TO BE USED AND APPLIED EACH YEAR FOR THE BENEFIT OF COMMON SCHOOLS.
LEGISLATIVE APPROVAL REQUIRED BEFORE THE COMMISSIONERS OF THE LAND OFFICE USE AVAILABLE FUNDS TO DEVELOP AND IMPROVE NON-AGRICULTURAL STATE SCHOOL LANDS
HAVING ESTABLISHED THAT THE COMMISSIONERS OF THE LAND OFFICE, UNDER THE CONSTITUTION AND ENABLING ACT, MAY USE PROCEEDS FROM THE LEASING OF LANDS GRANTED FOR THE BENEFIT OF COMMON SCHOOLS TO DEFRAY THE COST OF LEASING, WE NEXT TURN TO THE "RULES AND REGULATIONS" PROVIDED BY THE LEGISLATURE FOR THE MANAGEMENT O SCHOOL LAND TRUST ASSETS. AT 64 O.S. 1.1 (1988) THE LEGISLATURE, EMPOWERED THE COMMISSIONERS OF THE LAND OFFICE TO, AMONG OTHER THINGS, CATEGORIZE SCHOOL LANDS AS AGRICULTURAL OR NONAGRICULTURAL AND TO INSTITUTE PROJECTS TO DEVELOP AND IMPROVE THE SCHOOL LANDS WHICH ARE CATEGORIZED FOR NON-AGRICULTURAL LANDS. IN AUTHORIZING THE COMMISSION TO MAKE SUCH IMPROVEMENTS, THE LEGISLATURE RESTRICTED THE COMMISSIONERS' POWER TO EXPEND FUNDS UNDER THEIR CONTROL AND JURISDICTION, BY REQUIRING PRIOR LEGISLATIVE APPROVAL:
"(T)HE COMMISSIONERS OF THE LAND OFFICE, AS TRUSTEES OF THE STATE SCHOOL LANDS, ARE HEREBY AUTHORIZED AND EMPOWERED:
* * *
 5. TO INSTITUTE PROJECTS TO DEVELOP AND IMPROVE THOSE STATE SCHOOL LANDS WHICH ARE CATEGORIZED FOR NONAGRICULTURAL USE. PROVIDING HOWEVER, NO FUNDS UNDER THE CONTROL OR JURISDICTION OF THE COMMISSION SHALL BE SPENT ON SUCH PROJECTS UNLESS APPROVED BY THE LEGISLATURE."
THE PROVISION OF SENATE BILL 37, WHICH YOU INQUIRE ABOUT WAS ENACTED BY THE LEGISLATURE IN RESPONSE TO THE COMMISSIONERS REQUEST FOR LEGISLATIVE APPROVAL OF THEIR PLAN TO DEVELOP AND IMPROVE NON-AGRICULTURAL SCHOOL LAND. BY ENACTING SECTION 11, THE LEGISLATURE EXPRESSED ITS APPROVAL OF THE COMMISSIONERS' PLAN TO FURTHER DEVELOP AND IMPROVE THE SCHOOL TRUST LANDS UPON WHICH OKLAHOMA CITY COMMUNITY COLLEGE IS LOCATED. IN APPROVING THE EXPENDITURE OF UP TO $2.5 MILLION FOR SUCH IMPROVEMENTS, THE LEGISLATURE SPECIFICALLY PROVIDED THAT THE RETURN RECEIVED ON SUCH IMPROVEMENTS WOULD BE PURSUANT TO AN AGREEMENT ENTERED INTO BY THE COMMISSIONERS AND THE BOARD OF REGENTS OF OKLAHOMA CITY COMMUNITY COLLEGE.
MEMORANDUM UNDERSTANDING BETWEEN THE COMMISSIONERS OF THE LAND OFFICE AND THE BOARD OF REGENTS OF OKLAHOMA CITY COMMUNITY COLLEGE
THE PARTIES HAVE NOT YET ENTERED INTO AN AGREEMENT, BUT HA E ENTERED INTO A MEMORANDUM OF UNDERSTANDING, IN WHICH THEY EXPRESSED THEIR INTENT TO ENTER INTO A LONG TERM GROUND LEASE AND CONSTRUCT CERTAIN IMPROVEMENTS ON SCHOOL LANDS. THE MEMORANDUM OF UNDERSTANDING BETWEEN THE COMMISSIONERS AND THE BOARD OF REGENTS RECITES THAT OKLAHOMA CITY COMMUNITY COLLEGE PRESENTLY OCCUPIES FACILITIES IT CONSTRUCTED ON SCHOOL LANDS PURSUANT TO A NONEXCLUSIVE EASEMENT GRANTED FOR EDUCATIONAL PURPOSES BY THE COMMISSIONERS OF THE LAND OFFICE FOR AN ANNUAL CONSIDERATION OF $5,000, AND FURTHER RECITES THAT THE COLLEGE DESIRES TO CONSTRUCT A YEAR-AROUND, MULTI-PURPOSE, AQUATIC CENTER SUITABLE FOR REGIONAL AND INTERNATIONAL COMPETITION.
THE MEMORANDUM MAKES REFERENCE TO NEWLY AMENDED ARTICLE IX, SECTION 7 THE OKLAHOMA CONSTITUTION, RECITING THAT AS AMENDED, THAT CONSTITUTIONAL SECTION AUTHORIZES THE COMMISSIONERS TO ENTER INTO LONG TERM GROUND LEASES FOR COMMERCIAL PURPOSES FOR PERIODS NOT TO EXCEED 55-YEARS.
THE MEMORANDUM OF UNDERSTANDING ALSO RECITES THAT THE COMMISSIONERS OF THE LAND OFFICE ARE WILLING TO MAKE AVAILABLE UP TO 2.5 MILLION DOLLARS FOR THE AQUATIC CENTER LEASE IMPROVEMENTS AND THAT THE COLLEGE HAS THE AUTHORITY TO ENTER INTO A LONG TERM GROUND LEASE OF TRUST LAND, WITH COMPENSATION TO BE BASE ON THE CURRENT MARKET VALUE, WHICH IS TO BE ADJUSTED ANNUALLY FOR INFLATION.
AFTER THESE RECITALS, THE COMMISSIONERS AND REGENTS AGREE TO DEVELOP AND RATIFY LEGAL DOCUMENTS DESIGNED TO REFLECT AND CARRY OUT THEIR INTENTIONS. THE DOCUMENT FURTHER INDICATES THAT THE COMMISSIONERS WOULD CONTINUE TO RETAIN ALL MINERAL INTERESTS IN THE SCHOOL LANDS INVOLVED. THEN, AT PARAGRAPH 3 THE MEMORANDUM PROVIDES A TENTATIVE SCHEDULE OF GROUND LEASE COMPENSATION, WHICH THE MEMORANDUM SPECIFICALLY INDICATES "IS A MINIMUM AND SUBJECT TO NEGOTIATION BASED UPON CURRENT MARKET VALUE." THE TENTATIVE SCHEDULE OF PAYMENTS INDICATES THAT FOR THE FIRST FIVE YEARS, THE MINIMUM COMPENSATION WOULD BE FOR $250,000.00. IN YEAR SIX THE MINIMUM, WOULD INCREASE TO $308,000.00. IN YEAR SEVEN THE MINIMUM WOULD FURTHER INCREASE TO $320,320.00 PLUS INFLATION ADJUSTMENTS. THEREAFTER, THE SCHEDULE INDICATES THAT EACH REMAINING YEAR COMPENSATION WOULD BE ADJUSTED FOR INFLATION TO ALLOW FOR ECONOMIC CONDITIONS, VALUE OF REAL ESTATE AND VALUE OR THE DOLLAR OVER THE LIFE OF THE LONG TERM GROUND LEASE "TO ENSURE CONTINUING MARKET RATE OF RETURN TO THE TRUST."
CONSIDERATION OF THE LEGISLATURE'S APPROVAL OF THE COMMISSIONS' PROPOSED EXPENDITURE TO IMPROVE SCHOOL LANDS AT OKLAHOMA CITY COMMUNITY COLLEGE.
AS YOU WELL KNOW, THE OFFICE OF ATTORNEY GENERAL DOES NOT FUNCTION AS A TRIAL TRIBUNAL OR FACT FINDER. THIS BEING THE CASE, EVEN IF THERE WERE A COMPLETE, NEGOTIATED CONTRACT BEFORE US, WE WOULD NOT BE IN A POSITION TO DETERMINE, WHETHER THE PROPOSED CONTRACT WAS IN THE BEST INTEREST OF THE TRUST AND WHETHER IT PROVIDED THE MAXIMUM INCOME AVAILABLE. SUCH CONSIDERATIONS LEGITIMATELY MUST BE LEFT TO COURTS OF COMPETENT JURISDICTION. EVEN A COURT OF COMPETENT JURISDICTION COULD NOT, AT THIS TIME, MAKE SUCH AN ANALYSIS, AS NO COMPLETE, NEGOTIATED CONTRACT IS YET AVAILABLE.
WE CAN FIND, HOWEVER, AS A MATTER OF LAW, THAT THE ENABLING ACT'S GRANT OF LANDS AND FUNDS TO THE STATE FOR VARIOUS SCHOOL LAND PURPOSES, ONCE ACCEPTED BY THE STATE, CONSTITUTED AN IRREVOCABLE TRUST COMPACT BETWEEN THE UNITED STATES AND OKLAHOMA, AND THAT, IN ACCEPTING THE TRUST, OKLAHOMA ACCEPTED THE CONDITIONS IMPOSED UPON THE TRUST. AS NOTED ABOVE, WHILE THE PROCEEDS FROM THE SALE OF MOST SCHOOL LAND MAY NOT BE USED TO DEFRAY THE COST OF SELLING THE LAND, PROCEEDS FROM LEASING TRUST PROPERTIES GRANTED FOR THE BENEFIT OF COMMON SCHOOLS MAY BE USED TO PAY THE EXPENSES OF LEASING THE LAND. ACCORDINGLY, SUCH FUNDS MAY BE USED TO DEVELOP AND IMPROVE SUCH LANDS FOR LEASING. BEFORE HOWEVER, ANY FUNDS CAN BE EXPENDED TO IMPROVE OR DEVELOP NON-AGRICULTURAL SCHOOL LAND, THE COMMISSIONERS MUST OBTAIN THE APPROVAL OF THE LEGISLATURE. IN THE CASE AT HAND, THE LEGISLATURE, BY ENACTING SECTION 11 OF SENATE BILL 37 OF THE FIRST REGULAR SESSION THE 42ND LEGISLATURE, HAS GIVEN ITS APPROVAL OF THE COMMISSIONERS' PLAN TO EXPEND UP TO $2.5 MILLION DOLLARS TO DEVELOP THE SCHOOL LANDS UPON WHICH THE OKLAHOMA CITY COMMUNITY COLLEGE IS LOCATED. THE LEGISLATURE'S APPROVAL SPECIFIES THAT THE RETURN TO THE COMMISSION SHALL BE PURSUANT TO AN AGREEMENT ENTERED INTO BY THE COMMISSIONERS AND THE BOARD OF REGENTS. THE MEMORANDUM OF UNDERSTANDING PROVIDES BUT A MERE SHELL OR OUTLINE OF AN AGREEMENT AND ONLY SPECIFY MINIMUM RETURNS FOR THE FIRST SEVEN YEARS. THE MEMORANDUM DOES NOT EVEN SPECIFY A LEASE TERM. UNDER SUCH CIRCUMSTANCES, IT IS IMPOSSIBLE TO DETERMINE THE RATE OF RETURN WHICH THE COMMISSIONERS WILL RECEIVE, LET ALONE MEASURE IT AGAINST THE COMMISSIONERS' DUTY, AS TRUSTEES, TO OBTAIN THE MAXIMUM BENEFIT POSSIBLE FOR THE TRUST BENEFICIARIES. AT THE PRESENT TIME, AN ANALYSIS, OTHER THAN THAT PROVIDED ABOVE, IS SIMPLY NOT POSSIBLE.
** FOOTNOTE:
 1 ONE SHOULD NOT BE MISLEAD BY THIS RECITAL. PRESENTLY, THERE IS A CONFLICT BETWEEN THE AMENDED PROVISIONS OF ARTICLE IX, SECTION 7 OF THE OKLAHOMA CONSTITUTION WHICH AUTHORIZED 55 YEAR COMMERCIAL LEASES AND VARIOUS SECTIONS OF THE ENABLING ACT WHICH LIMIT THE PERIODS FOR WHICH SCHOOL LANDS MAY BE LEASED. SECTION 8 OF THE ENABLING ACT IMPOSES A 5-YEAR LIMIT ON OIL AND GAS LEASES. SECTION 9 IMPOSES A TEN YEAR LIMIT ON LEASES OF LANDS GRANTED FOR COMMON SCHOOL PURPOSES, AND SECTION 10 IMPOSE A 5-YEAR LIMIT ON THE LEASING OF LANDS GRANTED FOR THE BENEFIT OF THE UNIVERSITY OF OKLAHOMA, THE UNIVERSITY PREPARATORY SCHOOL, THE AGRICULTURAL AND MECHANICAL COLLEGE, THE COLORED AGRICULTURAL NORMAL UNIVERSITY AND LANDS GRANTED FOR CHARITABLE AND PENIAL INSTITUTIONS AND PUBLIC BUILDINGS. I AM INFORMED BY THE COMMISSIONERS' LEGAL STAFF THAT THE COMMISSION IS AWARE OF THE ENABLING ACT'S LIMITATIONS, AND THAT IT IS THEIR POSITION THAT THE RECENT AMENDMENTS TO THE OKLAHOMA CONSTITUTION WAS THE FIRST STEP IN THE PROCESS OF AUTHORIZING THE COMMISSIONERS TO GRANT LEASES FOR TERMS IN ACCESS OF THE PERIODS PRESCRIBED IN THE ENABLING ACT. THE LEGAL STAFF HAS INFORMED ME, THAT THE COMMISSIONERS, PRIOR TO ENTERING INTO ANY LEASE IN EXCESS OF THE PERIOD PROVIDED IN THE ENABLING ACT, INTEND TO SEEK THE UNITED STATES CONGRESSES' ACQUIESCENCE.
(NEAL LEADER)